UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY SEARS, Individually;<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, as Illinois Corporation licensed to do business in the State of Washington; and, JAMES MORRISON, individually and together with "JANE DOE" MORRISON and the marital community composed thereof;<br><br>　　　　　Defendants. | No. 2:11-cv-01998<br><br>NOTICE OF REMOVAL |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Boeing Company ("Boeing") removes to the United States District Court for the Western District of Washington, the action filed in the Superior Court of the State of Washington for King County, entitled *Tracy Sears, Individually v. The Boeing Company, et al.*, Case No. 11-2-15005-4 SEA ("State Action"), on the bases set forth below:

NOTICE OF REMOVAL – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. STATE COURT ACTION

1. On April 26, 2011, Plaintiff Tracey Sears filed a Summons and Complaint in the State Action against Boeing and James and Jane Doe Morrison alleging claims for relief arising under state law. Defendant Boeing was served with the Summons and Complaint on June 10, 2011. There is no evidence more than six months after the filing of the Complaint that the individual defendants, James and Jane Doe Morrison, have been served with the Summons and Complaint.

2. Plaintiff's Complaint pleads claims under the Washington Law Against Discrimination, Chapter 49.60, the common law, and other unspecified state laws. Complaint, ¶ 1.2. Boeing moved to dismiss all claims under Civil Rule 12(b)(6) and its motion was granted except with respect to Plaintiff's claim for sexual harassment under RCW 49.60.180.

## II. STATE COURT RECORD

3. In accordance with 28 U.S.C. § 1446(a), a copy of the entire state court record is attached to the Verification of State Court Record filed herewith.

## III. GROUNDS FOR REMOVAL

4. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizens; amount in controversy). The action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and because there is complete diversity of citizenship between Plaintiff and Defendant.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

03002-1574/LEGAL22227567.1

6. Plaintiff is a resident of the State of Washington and is therefore a citizen of Washington. Complaint ¶ 2.1. Defendant Boeing is a Delaware corporation headquartered in Illinois. Defendant Boeing is not a citizen of Washington. See *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). Defendant James Morrison is a citizen of Washington. Declaration of Valerie L. Hughes in Support of Boeing's Notice of Removal ("Hughes Decl.") ¶ 2.

7. Plaintiff's counsel has filed with the State Court a confirmation that all parties have been served or have waived service. Boeing has recently learned, however, that Plaintiff's counsel has apparently *not* in fact served Defendants James Morrison. From a review of the State Court records on November 22, 2011, Boeing's counsel determined that State Court records showed no return of service for James Morrison, notwithstanding the confirmation that all parties had been served previously filed by Plaintiff's counsel. Boeing's counsel therefore asked Plaintiff's counsel by letter dated November 22, 2011 to provide Boeing with proof of service of process on the individual defendants or confirmation that James Morrison had not been served. Plaintiff's counsel has failed to respond in any way to Boeing's request. Hughes Decl. ¶ 3.

8. Although the individual defendant James Morrison is a citizen of Washington State, he has not been "properly joined and served" and thus removal is proper. 28 U.S.C. §§ 1441(b). The purported presence of James Morrison in this lawsuit does not preclude diversity jurisdiction and there is complete diversity of citizenship between the true parties, Plaintiff and Boeing.

9. The amount in controversy in this matter exceeds $75,000, exclusive of costs and interest. Although the Complaint does not contain an allegation regarding the specific amount in controversy, the Plaintiff seeks damages greater than $75,000 based on the fact

NOTICE OF REMOVAL – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

03002-1574/LEGAL22227567.1

that plaintiff seeks, among other things, special, general, and punitive damages and attorneys' fees.[1] If Plaintiff were to prove that she had been sexually harassed, an award of emotional distress damages alone would be in excess of $75,000 given judgments in comparable cases. Hughes Decl. ¶ 4; *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (stating that "[i]n determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar . . . cases in Washington"). Although Plaintiffs has not pled a specific amount in controversy, it is apparent that the amount in controversy in this matter is at least $75,000.

## IV.   VENUE

10.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims alleged in the Complaint concern events that occurred within the Western District of Washington.

## V.   TIMELINESS OF REMOVAL

11.   This Notice of Removal is timely under 28 U.S.C. § 1446(b). Boeing filed this Notice of Removal within 30 days after learning that the representation of Plaintiff's counsel in the State Action that James Morrison had been served or waived service was inaccurate. It has become apparent to Boeing, given the filing in the State Action of an apparently inaccurate confirmation of joinder and the failure of Plaintiff's counsel to respond to Boeing's inquiries about the veracity of that confirmation, that Plaintiff does not intend to pursue any claim against James Morrison.

---

[1] Where the underlying statute authorizes attorneys' fees, as RCW 49.60.030 does here, the court "take[s] into account reasonable estimates of attorney's fees when analyzing disputes over the amount in controversy." *See Goddard v. CSK Auto, Inc.*, 2009 WL 4015611, at *2 (W.D. Wash. Nov. 18, 2009); *see also Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

NOTICE OF REMOVAL – 4

03002-1574/LEGAL22227567.1

## VI. NOTICE

12. Pursuant to 28 U.S.C. § 1446(d), Boeing will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the court in the State Action and will serve a copy of this notice on all parties to the removed action.

## VII. NO ADMISSION OF FACT, LAW OR LIABILITY AND RESERVATION OF DEFENSES

13. By filing this Notice of Removal, Defendant Boeing makes no admission of fact, law, or liability, and does not waive, and hereby reserves, any right to assert any objections and defenses to Plaintiff's Complaint.

## VIII. PLEADINGS FILED

14. Copies of all pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Certification of State Court Record filed with this Notice of Removal.

THEREFORE, Boeing now removes this action from the Superior Court to this Court.

DATED: December 2, 2011

By: s/ Valerie L. Hughes
By: s/ William B. Stafford
Valerie L. Hughes #11859
William B. Stafford #39849
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: VHughes@perkinscoie.com
          WStafford@perkinscoie.com
Attorneys for Defendant
THE BOEING COMPANY

NOTICE OF REMOVAL – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

03002-1574/LEGAL22227567.1