UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY SEARS, Individually;

   Plaintiff,

 v.

THE BOEING COMPANY, as Illinois
Corporation licensed to do business in the
State of Washington; and, JAMES
MORRISON, individually and together
with "JANE DOE" MORRISON and the
marital community composed thereof;

   Defendants.

No. 2:11-cv-01998

VERIFICATION OF STATE COURT
RECORD

  I certify that the attached are true and correct copies of all records and proceedings
that were filed in the Superior Court of the State of Washington for King County in Cause
No. 11-2-15005-4 SEA, entitled *Tracy Sears v. The Boeing Co., et al.*, as of December 1,
2011.

VERIFICATION OF STATE COURT
RECORDS (NO. 11-2-09487-0) – 1

03002-1574/LEGAL22228970.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2  DATED:  December 2, 2011
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

By:  s/ Valerie L. Hughes
By:  s/ William B. Stafford
Valerie L. Hughes #11859
William B. Stafford #39849
**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  VHughes@perkinscoie.com
        WStafford@perkinscoie.com
Attorneys for Defendant THE BOEING
COMPANY

VERIFICATION OF STATE COURT
RECORDS (NO. 11-2-09487-0) – 2

03002-1574/LEGAL22228970.1

FILED

11 APR 26 PM 2:36

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

1
2
3
4
5
6
7
8
9
10

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

11   TRACY SEARS, Individually;

NO.

12
     Plaintiff,                         COMPLAINT FOR DAMAGES

13

14   v.

15   THE BOEING COMPANY, as Illinois
     Corporation licensed to do business in the State
16   of Washington; and, JAMES MORRISON,
     individually and together with "JANE DOE"
17   MORRISON and the marital community
     composed thereof;
18

19        Defendant.

20        COME NOW the Plaintiff, by and through Thaddeus P. Martin, attorney of record

21   for Plaintiff, by and through this Complaint and by way of claim allege:

22                            I.      INTRODUCTION

23        1.1     This lawsuit is for damages against Boeing, Incorporated located at 1301

24   S.W. 16th St., Renton Washington 98055.

25

26

COMPLAINT FOR DAMAGES- 1 of 6

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

1      1.2    This lawsuit is brought against Boeing for countless physical sexual

2 assaults and acts of sexual harassment in violation of common law and statue, including

3 RCW 49.60 *et. seq.* These actions were perpetrated by Mr. Morrison, the Plaintiff's

4 manager at Boeing. This claim involves continuous sexual assaultive behaviors and

5 emotional distress as a result of that behavior.

6

7

8 ## II.    JURISDICTION

9      2.1    Plaintiff brings this action against Boeing; its officers and employees in

10 accordance with Washington law. Jurisdiction is proper.

11

12

13 ## III.    VENUE

14      3.1    The events which gave rise to this lawsuit occurred in King County

15 Washington. The Boeing facility in question is located in King County, Washington. The

16 plaintiffs reside in King County, Washington. Venue is proper.

17

18

19 ## IV.    PARTIES

20      4.1    Plaintiff is a citizen of the United States of America who is female and at

21 all relevant times an employee of Boeing.

22      4.2.  Boeing is an Illinois Corporation and licensed to do business in Washington.

23

24

25

26

COMPLAINT FOR DAMAGES- 2 of 6

## V. FACTS

5.1    James Morrison had increasingly inappropriate conversations with the Plaintiff beginning in October or November 2010. He would make regular sexual jokes about "pulling the Plaintiff's hair" and sexual "that's what she said" jokes and comments.

5.2    On or about Saturday, December 4, 2010, Plaintiff received a text message from Mr. Morrison which stated, "Send me some pictures." Plaintiff did not send any pictures to Mr. Morrison, and in effort to end their conversation, she responded "you first." Plaintiff put down her phone and went back to sleep. Plaintiff woke up several hours later to a text message picture on her cell phone. The picture was of Mr. Morrison's penis. When the Plaintiff didn't respond to Mr. Morrison's shocking behavior, he began asking her if she had deleted the picture.

5.3    On Monday, December 6, 2011, Mr. Morrison was very rude to and short with the Plaintiff because she had not responded to his picture text message.

5.4    Approximately one week after Mr. Morrison sent the picture text message to the Plaintiff, he had gotten the hint that she was not interested in him sexually. At that point, Mr. Morrison began making the Plaintiff's job miserable. The following are some examples of how Mr. Morrison retaliated against the Plaintiff for turning him down:

5.4.1    Mr. Morrison would curse at the Plaintiff and call her a "piece of shit."

5.4.2    Mr. Morrison would threaten the Plaintiff and tell her "I can have you fired."

COMPLAINT FOR DAMAGES- 3 of 6

5.4.3   Mr. Morrison would tell the Plaintiff regularly "I can C.A.M. (corrective action memo) you.   If an employee receives three at any one time, they are terminated.

5.4.4   Mr. Morrison would constantly yell at the Plaintiff and tell her she couldn't do her job correctly.

5.4.5   Mr. Morrison would ask the Plaintiff "Can you spell insubordination?"

5.5   Mr. Morrison's threats to fire the Plaintiff made her fearful.

5.6   Defendants knew or should have known of Mr. Morrison's sexually hostile behaviors prior to the Plaintiff.   The Defendants allowed and created the hostile work environment for the Plaintiff.

## VI.   CLAIMS FOR RELIEF

**6.1   Sex Discrimination (RCW Chapter 49.60 et seq.)**  Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiffs' injuries under this statute.   As a public accommodation, Boeing is prohibited from discrimination based on a person's sex.   RCW 49.60.180(3).   Sexual harassment is actionable if a hostile environment is created by sexual harassment.   Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.2   Sexual Harassment (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under

COMPLAINT FOR DAMAGES- 4 of 6

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

this statute. Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.3     Hostile Environment (Based on Sex) (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under this statute. Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.4 Disparate Treatment (Based on Sex) (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under this statute.  Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.5 Disparate Impact (Based on Sex) (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under this statute.  Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.6     Unlawful Retaliation (Based on Sex) (RCW Chapter 49.60 *et. seq.*):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of all Plaintiff's injuries.  Although Plaintiff states an individual cause of action, Plaintiff notes that each cause of action is interrelated to all of the facts set forth in this complaint.

**6.7     Negligence; Negligent Hiring, Retention and Supervision; Negligent Infliction of Emotional Distress:** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under these causes of action.

COMPLAINT FOR DAMAGES- 5 of 6

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

**6.8     Assault and Battery, Intentional Infliction of Emotional Distress (Outrage):** Plaintiff incorporates all prior assertions in this Complaint as the proximate cause of Plaintiff's injuries under these causes of action.

## VII.   DAMAGES

7.1     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, the Plaintiff suffered severe and permanent emotional distress, mental anguish, mental and emotional shock, all of which have continued into the present and will continue into the future.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

(1)     For such special damages as shall be established at time of trial;

(2)     For such general damages as shall be established at time of trial;

(3)     For such punitive damages allowable by law; and

(4)     For such attorneys' fees, interest, costs, and such other and further relief as shall be allowed by law or deemed just and equitable.

Dated this 26 day of April, 2011.

THADDEUS P. MARTIN AND ASSOCIATES

By _____
Thaddeus P. Martin, WSBA 28175
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES- 6 of 6

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

FILED

11 APR 26 PM 2:36

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Tracey Sears | NO.  11-2-15005-4     SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| The Boeing Company and James Morrison | ASSIGNED JUDGE  Doyle _____ 13 |
| | FILE DATE:                        04/26/2011 |
| **Defendant(s)** | **TRIAL DATE:                   10/08/2012** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| _____ | _____ |
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  04/26/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue  10/04/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue  10/04/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue  10/18/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon  05/07/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon  06/18/2012 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon  07/02/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon  07/02/2012 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon  08/20/2012 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon  09/10/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon  09/17/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16] | Mon  09/17/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon  09/24/2012 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon  10/01/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  10/01/2012 | * |
| Trial Date [See KCLCR 40]. | Mon  10/08/2012 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  04/26/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**    Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.


**B. Original Documents/Working Copies/ Filing of Documents**


**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.


The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.


**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

**PRESIDING JUDGE**

King County
Department of Judicial Administration
Superior Court Clerk's Office

# <u>IMPORTANT NOTICE</u>
## KING COUNTY SUPERIOR COURT HEARING LOCATIONS WILL CHANGE
## IF THE MALENG REGIONAL JUSTICE CENTER IN KENT IS CLOSED

The Maleng Regional Justice Center (MRJC) in Kent lies within the former Green River floodplain and is at risk of flooding if the Green River overtops its levies in a major flood event. The MRJC facility will likely be evacuated and closed if an imminent flood is predicted and operations normally located there will be forced to relocate.

If it becomes necessary to close the MRJC facility and relocate the courtrooms, some scheduled court proceedings at the King County Courthouse in Seattle will also be affected, with a changed location.

**PLEASE NOTE:  If you have a court proceeding scheduled at either the King County Courthouse in Seattle or the Maleng Regional Justice Center in Kent, please call (206) 296-9300 x '0' to learn if there is a flood related change to the location of your court proceeding.  Call within two days of your scheduled court date for the current information.**

Current MRJC flood status and proceeding location information will also be posted online here:

King County Superior Court's website:  http://www.kingcounty.gov/courts/superiorcourt

King County Clerk's Office website: http://www.kingcounty.gov/courts/Clerk

The Clerk's Office and Superior Court remain committed to providing good customer service throughout the flood watch season and, if necessary, during a MRJC facility closure period.  We thank you for your patience during this time.

**\*Please include a copy of this notice when providing copies of court documents to other parties.**

FILED

11 APR 26 PM 2:36

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Tracey Sears | NO. 11-2-15005-4 SEA |
| VS | |
| The Boeing Company and James Morri | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

## CAUSE OF ACTION

**(PIN) -**     TORT, NON-MOTOR VEHICLE

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

11 APR 26 PM 2:36

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

1
2
3
4
5
6
7
8
9

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

10

11  TRACY SEARS, Individually;

NO.

12
                                            SUMMONS
        Plaintiff,

13

14  v.

15  THE BOEING COMPANY, as Illinois
    Corporation licensed to do business in the State
16  of Washington; and, JAMES MORRISON,
    individually and together with "JANE DOE"
17  MORRISON and the marital community
    composed thereof;
18

19        Defendant.

20

21      TO:    DEFENDANTS

22

23          A lawsuit has been started against you in the above-entitled court by the above-

24  named Plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is

25  served upon you with this summons.

26

SUMMONS- 1 of 2

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after service of this summons if within the State of Washington, or within 60 days after service of this summons if outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 26ᵗʰ day of April, 2011.

THADDEUS P. MARTIN AND ASSOCIATES

By_____
Thaddeus P. Martin, WSBA 28175
Attorneys for Plaintiff

SUMMONS- 2 of 2

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

FILED

11 JUN 13 AM 11:42

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

THE HONORABLE THERESA DOYLE

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| TRACEY SEARS, Individually, | No. 11-2-15005-4 SEA |
| Plaintiff, | NOTICE OF APPEARANCE |
| v. | |
| THE BOEING COMPANY, as Illinois Corporation licensed to do business in the State of Washington; and, JAMES MORRISON, individually and together with "JANE DOE" MORRISON and the marital community composed thereof, | |
| Defendants. | |

TO:          Tracey Sears, Plaintiff

AND TO:      Thaddeus P. Martin, Attorney for Plaintiff

PLEASE TAKE NOTICE that Defendant The Boeing Company hereby appears in

this action, by and through the undersigned attorneys of record.  Copies of all documents

and pleadings, exclusive of original process, are to be served upon said attorneys by leaving

copies at the address below stated.

NOTICE OF APPEARANCE – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  June 13, 2011

s/ Valerie L. Hughes, WSBA No. 11859
VHughes@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
THE BOEING COMPANY

NOTICE OF APPEARANCE – 2

03002-1574/LEGAL21095159.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that, on June 13, 2011, he caused to be served on the person(s) listed below in the manner shown:

NOTICE OF APPEARANCE

Mr. Thaddeus P. Martin
Thaddeus P. Martin & Associates
4928 109th Street SW
Lakewood, WA 98499
*Attorneys for Plaintiff*

☒   United States Mail, First Class

☐   By Messenger

☒   By Facsimile

☒   By eFiling

Dated at Seattle, Washington, June 13, 2011.

_Steve Herchelrode_
Steve Herchelrode
Legal Secretary

03002-1574/LEGAL21095159.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

FILED

11 JUN 13 PM 1:05

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| TRACY SEARS, Individually; | NO. 11-2-15005-4 SEA |
| Plaintiff, | DECLARATION OF SERVICE- BOEING |
| v. | |
| THE BOEING COMPANY, as Illinois Corporation licensed to do business in the State of Washington; and, JAMES MORRISON, individually and together with "JANE DOE" MORRISON and the marital community composed thereof; | |
| Defendant. | |

I, Brianna Dalien, declare as follows:

    1.    I am not a party to this action.  I am 18 years of age and competent to testify to

the following based on my personal knowledge:

Dec of Service- Boeing- 1 of 2

2.      On June 10, 2011 at approximately 9:47 a.m., I personally served two sets of the Summons, Complaint for Damages, and the Case Schedule on Caroline Little.  This was for service on THE BOEING CORPORATION. Ms. Little is a Caucasian female who works for Corporation Service Company (CSC). CSC are the registered agents for The Boeing Company.  Ms. Choate was served at 300 Deschutes Way SW, #304, Tumwater, WA 98501.

I HEREBY DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND ACCURATE.

EXECUTED THIS 10ᵗʰ day of June, 2011 at Lakewood, Washington.

By _____
        BRIANNA DALIEN

Dec of Service- Boeing- 2 of 2

THADDEUS MARTIN &
ASSOCIATES
4928 109ᵗʰ Street SW
Lakewood, Washington 98499
(253) 682-3420

FILED

11 JUN 30 AM 11:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

TRACEY SEARS,
        Plaintiff,

    v.

THE BOEING COMPANY and JAMES MORRISON, et al.,

        Defendants.

**NO.11-2-15005-4 SEA**
**NOTICE FOR HEARING**
**SEATTLE COURTHOUSE ONLY**
(Clerk's Action Required ) (NTHG)

TO:    **THE CLERK OF THE COURT** and to all other parties listed on Page 2:

        **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

**Calendar Date:**  August 19, 2011    **Day of Week:**  Friday

**Nature of Motion:**  Motion to Dismiss

| **CASES ASSIGNED TO INDIVIDUAL JUDGES – Seattle** |
|---|
| If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. **Working Papers:** The *judge's name*, date and time of hearing *must* be noted in the upper right corner of the Judge's copy. *Deliver Judge's copies to Judges' Mailroom at C203.* |

[ ] Without oral argument (Mon - Fri)    [ X ] With oral argument Hearing

Date/Time: August 19, 2011 at 9:00 a.m.

Judge's Name:  Theresa Doyle      Trial Date:  December 8, 2012

**CHIEF CRIMINAL DEPARTMENT - Seattle in E1201**
[ ] Bond Forfeiture  3:15 pm, 2nd Thur of each month
[ ] Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**) 3:30 First Tues of each month

| **CHIEF CIVIL DEPARTMENT – Seattle -- (Please report to W864 for assignment)** | |
|---|---|
| *Deliver working copies to Judges' Mailroom, Room C203.  In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing* | |
| [ ]Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. Tues/Wed -report to Room W864 | |
| [ ]Supplemental Proceedings<br>   (1:30 pm Tues/Wed)(LCR 69) | **Non-Assigned Cases:**<br>[ ] Non-Dispositive Motions M-F (without oral argument). |
| [ ]Motions to Consolidate with multiple judges assigned (without oral argument) (LCR 40(b)(4)) | [ ] Dispositive Motions and Revisions (1:30 pm Tues/Wed)<br>[ ] Certificates of Rehabilitation (**Employment**) 1:30 pm Tues/Wed (LR 40(b)(2)(B)) |

You may list an address that is not your residential address where you agree to accept legal documents.
Sign: _____    Print/Type Name: William B. Stafford
WSBA #  39849  (if attorney) Attorney for: The Boeing Company
Address:  1201 Third Avenue, #4800  City, State, Zip  Seattle, WA  98101-3099

---

**NOTICE FOR HEARING - Seattle Courthouse Only**
**ICSEA**
www.kingcounty.gov/courts/scforms Rev.022511
03002-1574/LEGAL21215733.1

Telephone: _(206) 359-8000_____ Date: __June 30, 2011____

## DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS.

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |

Name__Thaddeus P. Martin____
Service Address:___4928 109th St. SW____
City, State, Zip___Lakewood, WA 98499____
WSBA#_28175_Atty For:_Plaintiff___
Telephone #:__(253) 682-3420_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #: _____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #: _____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #: _____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #: _____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #: _____

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice. List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page. Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than six court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

NOTICE FOR HEARING - Seattle Courthouse Only         Page 2
ICSEA
www.kingcounty.gov/courts/scforms Rev.022511
03002-1574/LEGAL21215733.1

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

FILED

11 JUN 30 AM 11:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

THE HONORABLE THERESA DOYLE
Hearing Date:  August 19, 2011
Hearing Time:  9:00 A.M.
With Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

TRACEY SEARS,

               Plaintiff,

      v.

THE BOEING COMPANY, an Illinois
Corporation licensed to do business in the
State of Washington; and JAMES
MORRISON, individually and together
with "JANE DOE" MORRISON and the
marital community composed thereof,

               Defendants.

No. 11-2-15005-4 SEA

DEFENDANT BOEING'S MOTION TO
DISMISS

NOTED FOR MOTION CALENDAR
August 19, 2011, at 9:00 a.m.

**WITH ORAL ARGUMENT**

DEFENDANT BOEING'S MOTION TO
DISMISS – 1

03002-1574/LEGAL21144846.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF RELEVANT FACTS ............................................................ 1

III.   STATEMENT OF ISSUE .................................................................................. 2

IV.    EVIDENCE RELIED UPON ............................................................................. 2

V.     ARGUMENT ..................................................................................................... 2

    A.    Legal Standard ....................................................................................... 2

    B.    Plaintiff's Complaint Should Be Dismissed Pursuant to CR 12(b)(6)
        For Failure to State a Claim Upon Which Relief Can Be Granted................. 3

        1.   Sex Discrimination (Disparate Treatment and Disparate
            Impact) ......................................................................................... 3

        2.   Sexual Harassment/Hostile Work Environment................................ 5

        3.   Retaliation................................................................................... 9

        4.   Negligent Infliction of Emotional Distress...................................... 10

        5.   Negligent Hiring, Retention, and Supervision.................................. 10

        6.   Assault and Battery....................................................................... 11

        7.   Intentional Infliction of Emotional Distress .................................... 11

VI.    CONCLUSION.................................................................................................. 12

DEFENDANT BOEING'S MOTION TO
DISMISS – i

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.      INTRODUCTION

Pursuant to Washington Rule of Civil Procedure 12(b)(6), defendant The Boeing Company ("Boeing") respectfully moves the Court to dismiss this lawsuit.  For each of the claims advanced in her lawsuit, Plaintiff Tracey Sears ("Plaintiff" or "Ms. Sears") has failed to plead necessary elements of her claims.

# II.      STATEMENT OF RELEVANT FACTS

Plaintiff Tracey Sears is a current Boeing employee who asserts claims pertaining to her interactions with James Morrison.  Mr. Morrison is a former Boeing employee who was suspended without pay when Boeing first learned of Ms. Sears' allegations against him in late January 2011 and fired at the conclusion of Boeing's investigation.

Plaintiff's Complaint contains a terse account of the facts underlying her claims in this matter.[1]  According to the Complaint, Ms. Sears' claims arise from a handful of her interactions with Mr. Morrison.  In brief, Ms. Sears asserts that Mr. Morrison (1) made "sexual jokes" to her beginning in October or November 2010 about "pulling her hair" and of the "that's what she said" variety; (2) sent her a graphic text message picture on her cell phone on Saturday, December 4, 2010 while Plaintiff was at home; (3) was "rude" to Ms. Sears on December 6, 2010 because she had not yet responded to the picture; and (4) one week later, was rude to Ms. Sears, yelled and cursed at her, and told her that he could have her fired or given a Corrective Action Memo.  Compl. ¶¶ 5.1-5.4.  Ms. Sears does not allege that she was, in fact, fired or given a Corrective Action Memo.

While Plaintiff's Complaint is not a model of clarity, and Plaintiff appears to articulate some of the same claims more than once, Plaintiff asserts a constellation of five

---

[1] When considering a CR 12(b)(6) motion to dismiss for failure to state a claim, the court "presumes all facts alleged in the plaintiff's complaint are true" but need not accept the complaint's legal conclusions as true. *Jain v. J.P. Morgan Securities, Inc.*, 142 Wn. App. 574, 580 (2008).

DEFENDANT BOEING'S MOTION TO
DISMISS – 1

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

claims: (1) sex discrimination under the Washington Law Against Discrimination (the "WLAD"), Chapter 49.60 RCW, pursuant to both a "disparate treatment" and "disparate impact" theory of liability (Compl. ¶¶ 6.1, 6.4-6.5); (2) sexual harassment/hostile work environment on the basis of sex under the WLAD (Compl. ¶¶ 6.1-6.3); (3) retaliation under the WLAD (Compl. ¶ 6.6); (4) four common law negligence claims (Compl. ¶ 6.7); and (5) three intentional tort claims (Compl. ¶ 6.7). Each claim is addressed below.

### III.   STATEMENT OF ISSUE

Should Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted?

### IV.   EVIDENCE RELIED UPON

This motion is based upon the factual allegations contained in Plaintiff's Complaint, filed on April 26, 2011 and served on Boeing on June 10, 2011.

### V.   ARGUMENT

#### A.   Legal Standard

"CR 12(b)(6) and CR 8(a)(1) together provide that the complaint shall contain a short and plain statement of the claim showing the pleader is entitled to relief." *Postema v. Pollution Control Hearings Bd.*, 142 Wn.2d 68, 122 (2000).

> [T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

*Havsy v. Flynn*, 88 Wn. App. 514, 518 (1997) (internal quotation marks and citations omitted). "[W]here it is clear from the complaint that the allegations set forth do not support a claim, dismissal is proper." *Berge v. Gorton*, 88 Wn.2d 756, 759 (1977).

DEFENDANT BOEING'S MOTION TO
DISMISS – 2

03002-1574/LEGAL21144846.3

Washington courts require that a complaint plead facts which would prove the elements of a claim. That is, a plaintiff must plead facts that, if true, would support each element of the asserted claims. *See, e.g., N.W. Line Constructors Chapter of the Nat'l Elec. Contractors Ass'n*, 104 Wn. App. 842, 848-49 (2001) (finding plaintiff failed to state a claim upon which relief may be granted by failing to plead facts to support each element of claim); *Dewey v. Tacoma Sch. Dist. No. 10*, 95 Wn. App 18, 25 (1999) (affirming dismissal of plaintiff's First Amendment claim because he had failed to plead two of the claim's essential elements); *Havsy*, 88 Wn. App. at 520 (affirming dismissal where plaintiff asserted claim of intentional interference, but failed to allege all of the essential elements of the claim).

**B.      Plaintiff's Complaint Should Be Dismissed Pursuant to CR 12(b)(6) For Failure to State a Claim Upon Which Relief Can Be Granted**

**1.      Sex Discrimination (Disparate Treatment and Disparate Impact)**

The Court should dismiss Plaintiff's sex discrimination claims. Plaintiff pleads separate "Disparate Treatment" and "Disparate Impact" causes of action. Compl. ¶ 6.4-6.5. These are not, however, separate causes of action, but, rather, two theories of sex discrimination. *See Shannon v. Pay 'N Save*, 104 Wn.2d 722, 726 (1985), *overruled in part on other grounds as recognized in Pannell v. Food Servs. of Am.*, 61 Wn. App. 418 (1991).

"'Disparate treatment is the most easily understood type of discrimination'" and occurs when an "'employer simply treats some people less favorably than others because of their . . . sex.'" *Id.* (quoting *Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 355 n.15 (1977)); *see also* WPI 330.01. A woman proceeding under this theory bears a prima facie burden of establishing four elements: "(1) [she] belongs to a protected class, (2) [she] was treated less favorably in the terms or conditions of [her] employment (3) than a similarly

DEFENDANT BOEING'S MOTION TO
DISMISS – 3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

situated, nonprotected employee, and (4) [she] and the nonprotected 'comparator' were doing substantially the same work." *Washington v. Boeing Co.*, 105 Wn. App. 1, 13 (2000).

In contrast, disparate impact analysis allows "a plaintiff to address the consequences of seemingly objective employment practices by allowing the plaintiff to prevail . . . without establishing discriminatory motive." *Shannon*, 104 Wn.2d at 727. A woman proceeding on this theory bears the prima facie burden of proving the employer engaged in a neutral practice that has a disparate impact on women. *Id.*; *see also* WPI 330.03.

Here, it is not clear whether Plaintiff actually intended to plead a sex discrimination claim. The facts set out in her Complaint instead seem to constitute an attempt to assert only a hostile work environment claim (unsuccessfully, as described below). As a result, Plaintiff fails to set forth or articulate even the most rudimentary elements of a disparate treatment or disparate impact sex discrimination claim. With respect to disparate treatment, Plaintiff has not (1) alleged that Boeing took any discriminatory action against her; (2) articulated any way in which such discrimination affected the terms and conditions of her employment; or (3) alleged she was treated less favorably than a similarly situated male comparator. With respect to disparate impact, Plaintiff has not alleged an objective employment practice that had a disparate impact on the terms and conditions of employment of women.

In sum, the Complaint does not plead facts which would prove the elements of a sex discrimination claim under either a disparate treatment or disparate impact theory. The Court should thus dismiss Plaintiff's sex discrimination claims.

### 2. Sexual Harassment/Hostile Work Environment

Plaintiff attempts to articulate a hostile work environment claim premised on the single alleged incident in which Mr. Morrison sent her a picture of his penis. Here too, Plaintiff fails to state a claim, and her claim should be dismissed.

DEFENDANT BOEING'S MOTION TO
DISMISS – 4

03002-1574/LEGAL21144846.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

To establish a prima facie case of a hostile work environment based on sex, a plaintiff must show: "(1) The conduct was unwelcome, offensive, and unsolicited by the plaintiff[;] (2) The conduct would not have occurred had the employee been of the opposite sex[;] (3) The conduct was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment[; and] (4) The conduct is imputable to the employer." *MacDonald v. Korum Ford*, 80 Wn. App. 877, 885 (1996) (internal quotation marks and citations omitted).

To determine whether a work environment is sufficiently hostile to violate the WLAD, Washington courts look "at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *MacDonald*, 80 Wn. App. at 885 (employing federal "totality of the circumstances" analysis in determining whether a hostile environment existed in violation of the WLAD).[2]

Mere offensive behavior, without more, is insufficient to support a hostile work environment claim. *Clarke v. State Attorney Gen. Office*, 133 Wn. App. 767, 785 (2006) (citing *Adams v. Able Bldg. Supply, Inc.*, 114 Wn. App. 291 (2002)). Casual, isolated or trivial instances of a discriminatory environment do not affect the terms or conditions of employment to a sufficiently significant degree to violate the law. *Glasgow v. Georgia-Pac. Corp.*, 103 Wn.2d 401, 406 (1985). Although a single incident may suffice to constitute a hostile work environment, the incident must be "extremely severe." *Brooks v. City of San*

---

[2] "'[F]ederal cases interpreting Title VII are 'persuasive authority for the construction of RCW 49.60'" because "RCW 49.60 substantially parallels Title VII". *Estevez v. Faculty Club of Univ. of Wash.*, 129 Wn. App. 774, 793 (2005) (quoting *Oliver v. Pac. N.W. Bell Tel. Co.*, 106 Wn.2d 675, 678 (1986)).

DEFENDANT BOEING'S MOTION TO
DISMISS – 5

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).  Mere "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."  *Faragher*, 524 U.S. at 788.

Here, Plaintiff's harassment claim is premised on her allegation that on a Saturday while at home, she received a text message from Mr. Morrison stating "send me some pictures."  Compl. ¶ 5.2.  Plaintiff responded to the message with "you first," and in response to her invitation, she received a text message from Mr. Morrison containing a photo of his penis.  She does not allege that Mr. Morrison touched or attempted to touch her or sought or demanded any sexual favors.

Plaintiff fails to state a hostile work environment claim.  First, while Plaintiff asserts she responded "you first" in "effort to end their conversation," the fact remains that she invited Mr. Morrison to send her pictures of himself.  While his decision to do so may have been in poor taste, Plaintiff has not alleged that Mr. Morrison's behavior was "unsolicited"— the first prong of a hostile work environment claim.  *MacDonald*, 80 Wn. App. at 885.

Moreover, Plaintiff does not assert severe and pervasive harassment, or that the conditions of her employment were altered as a result of the harassment—the third prong of a hostile work environment claim.  Courts have found such claims deficient when the plaintiff alleged misconduct far more severe and/or frequent than that alleged here.

In *Jones v. Clinton*, for example, the plaintiff premised a hostile work environment claim largely on a single incident where the Governor of Arkansas grabbed, fondled, and kissed her, and then, after she told him she "was not that kind of girl," dropped his pants to expose his penis and told her to "kiss it."  990 F. Supp. 657, 663-64 (E.D. Ark. 1998).  The court found that this incident, though "boorish," was not sufficiently severe or pervasive to alter the terms and conditions of the plaintiff's employment.  *Id.* at 674-76.  Similarly, in

DEFENDANT BOEING'S MOTION TO
DISMISS – 6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Pirie v. Conley Group, Inc.*, the court dismissed a hostile work environment claim premised

on an hour-long incident in which the plaintiff's lead officer engaged in inappropriate sexual

banter, took the plaintiff into a room, turned off the lights, displayed his penis to her for

three minutes, and urged her to look at the size of his penis and a birthmark located on his

testicles. 2004 WL 180259, *1-2 (S.D. Iowa Jan 7, 2004).  The court concluded as follows:

> The Court notes that the incident did take place in an isolated area, in the
> middle of the night, and that McRae turned off the lights prior to his
> exhibitionist act.  A reasonable person may have felt some inherent threat
> existed under these circumstances, but there is no indication that this
> particular situation was threatening. . . . There was no actual or threatened
> violence or even any physical touching involved.  Pirie was not restrained by
> McRae from leaving the location. . . . Thus, the single episode at issue here is
> not sufficiently severe to constitute severe and pervasive harassment.

*Id.* at *13.  Myriad cases are in accord.[3]  Indeed, many courts have dismissed hostile work

environment claims where—unlike here—the plaintiff alleged that she had been subjected to

inappropriate sexual touching.[4]  To the extent Plaintiff's claim rests on "sexual jokes" made

---

[3] *Durkin v. Chicago*, 199 F. Supp. 2d 841-42, 850 (N.D. Ill. 2002) (dismissing hostile work environment claim where police academy recruit was subjected to frequent coarse and degrading language based on her gender by her supervisor and fellow recruits and, on one occasion, one of the recruits displayed his penis to her while urinating and said, "suck this."), *aff'd by* 341 F.3d 606 (7th Cir. 2003); *Gwen v. Regional Transit Auth.*, 7 Fed. Appx. 496, 498 (6th Cir. 2001) (same, where plaintiff's co-worker twice exposed his genitals to her and approached her while making "rude and inappropriate comments."); *Beverly v. Genuine Parts Co.*, 2006 WL 1285420, at *3-4 (W.D.N.C. May 8, 2006) (same, where copies of pornographic magazine were left on plaintiff's desk with notes saying that her picture should be in the magazine); *Baer v. Sprint Long Distance*, 60 F. Supp. 2d 209, 213 (S.D.N.Y. 1999) (same, where claim was premised on single incident where pornographic picture was emailed to plaintiff's computer); *Hale v. City of Dayton*, 2002 WL 191588, at *4 (Ohio Ct. App. Feb. 8, 2002) (same, where defendant showed coworkers a photo of a naked, overweight woman while asking them whether it resembled the plaintiff); *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 584-86 (11th Cir. 2000) (trial court should have granted judgment as a matter of law to defendant where university department coordinator, among other things, made frequent calls to plaintiff's house at night asking personal questions such as "Are you in bed yet?," "I was wondering how you were doing?," and "Are you talking to your boyfriend?"), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006),

[4] *See MacDonald*, 80 Wn. App. at 886 (no hostile work environment where coworker kissed plaintiff, regularly came up behind her and placed his hand on her back, purposefully brushed past her in the hallway, and thanked plaintiff on one occasion while stroking his fly); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 327-28 (5th Cir. 2004) (same, where the harasser, among

---

DEFENDANT BOEING'S MOTION TO
DISMISS – 7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

by Mr. Morrison during a brief period of time (between October or November and December 4, 2010), the Complaint is likewise deficient.[5]

### 3.    Retaliation

The Court should also dismiss Plaintiff's retaliation claim.  Compl. ¶ 6.6.  "It is an unfair practice for any employer . . . to discharge . . . or otherwise discriminate against any person because he or she has opposed any practices forbidden by [RCW 49.60]."  RCW 49.60.210(1).  To establish a prima facie case, a plaintiff must show that (1) she engaged in statutorily protected activity and (2) her employer took an adverse employment action for which (3) retaliation was a substantial motivating factor.  *Washington*, 105 Wn. App. at 14.

---

other things, commented about another employee's body, slapped plaintiff on the behind with a newspaper, grabbed or brushed against her breast and behind, and attempted to kiss her); *Brooks*, 229 F.3d at 926 (same, where coworker touched plaintiff "inappropriately on her stomach and breast" on one occasion); *Davis v. Tri Mfg., Inc.*, 2000 WL 33281133, at *10 (S.D. Ind. Dec. 18, 2000) (same, where coworker "smacked" plaintiff on the butt, rubbed his groin across her butt on one occasion, and another coworker showed plaintiff lesbian pornography and a photograph of a penis inside a vagina); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1247-53 (11th Cir. 1999) (same, even given supervisor's "constant" following of employee and staring in a "very obvious fashion," two instances of making a sniffing sound while looking at the employee's groin area and, one incident of rubbing up against the employee's hip while touching her shoulder and smiling); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (same, where coworker made an appreciative comment about plaintiff's behind and deliberately touched her breasts); *abrogated in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Saxton v. Am. Tel. & Tele. Co.*, 10 F.3d 526, 528 (7th Cir. 1993) (same, where plaintiff was rubbed and kissed on one occasion, and resisted an attempted groping on another).

[5] *See, e.g., Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1366 (10th Cir. 1997) (coworker's "unpleasant and boorish conduct," which included bringing up the subject of PMS and telling plaintiff "you know how [women] are at that time of the month" was not sufficiently severe or pervasive as to alter the condition of plaintiff's employment and create an actionable hostile work environment); *Hale v. Village of Madison*, 493 F. Supp. 2d 928, 932 (N.D. Ohio 2007) (same, where coworker told plaintiff about his wanting to put heat lamps on a female corpse so that he could have his way with her . . . [said] that women were bad drivers and once questioned whether [plaintiff] suffered from premenstrual syndrome."); *Hall v. S. Cent. Conn. Reg'l Water Auth.*, 28 F. Supp. 2d 76, 80, 86-87 (D. Conn. 1998) (same, where supervisor called plaintiff a "bimbo" and "stupid woman"); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1106-07, 1110 (2000) (no hostile work environment where supervisor, in conversation with plaintiff, called another female employee a "madonna," "regina," and "castrating bitch" and referred to women in general as "bitches and histrionics"); *MacDonald*, 80 Wn. App. at 886 (no hostile work environment where, among other things, coworker told plaintiff that "with [her] tits [she] should be able to . . . sell anything.").

---

DEFENDANT BOEING'S MOTION TO
DISMISS – 8

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiff's Complaint fails to plead all necessary elements of a retaliation claim and should therefore be dismissed. Most notably, Plaintiff fails to assert that she engaged in protected activity and was retaliated against as a result. To the contrary, she asserts that Mr. Morrison "retaliated" against Plaintiff "for turning him down;" that is, failing to respond to his text message. Compl. ¶ 5.4. Failing to respond to a coworker's inappropriate romantic overtures, however, is not "protected activity." *LeMaire v. La. Dept. of Transp. and Dev.*, 480 F.3d 383, 389 (5th Cir. 2007) (disagreeing with "proposition that rejecting sexual advances constitutes a protected activity for purposes of a retaliation claim under Title VII"); *Del Castillo v. Pathmark Stores, Inc.*, 941 F. Supp. 437, 438-39 (S.D.N.Y. 1996) ("[E]ven the broadest interpretation of a retaliation claim cannot encompass instances where the alleged 'protected activity' consists simply of declining a harasser's sexual advances").

In short, Plaintiff's retaliation claim simply repackages her hostile work environment claim. *Accord Finley v Rodman & Renshaw, Inc.*, 1993 WL 512608, *3 (N.D. Ill. Dec. 8, 1993) (dismissing retaliation claim because "Plaintiff's allegations that [her supervisor] retaliated against her for not reciprocating his advances is a charge that fits more readily under her sexual harassment claim").

In any event, Plaintiff does not assert that Boeing took an adverse employment action (termination, a corrective action memorandum, an unfair performance review, or so on) against her. Accordingly, the retaliation claim must be dismissed.

### 4. Negligent Infliction of Emotional Distress

To state a claim that a defendant negligently caused the plaintiff emotional distress, the plaintiff must show: (1) she displays objective symptoms; (2) her reaction was that of a normal person; and (3) she satisfies the four negligence elements of duty, breach, causation, and harm. *Colbert v. Moomba Sports, Inc.*, 132 Wn. App. 916, 925-26 (2006).

DEFENDANT BOEING'S MOTION TO
DISMISS – 9

03002-1574/LEGAL21144846.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

In the employment context, however, it is well-settled law that a plaintiff may not maintain a claim for negligent infliction of emotional distress based on the same facts supporting a claim under the WLAD, under which emotional distress damages are compensable. *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 864-65 (2000); *Johnson v. Dept. of Social and Health Servs.*, 80 Wn. App. 212, 230-31 (1996).

Here, Plaintiff expressly states that her negligent infliction of emotional distress claim is premised on "all prior assertions in th[e] Complaint"; i.e., the same facts as those supporting her discrimination claims. Moreover, she does not assert that she has displayed any objective symptoms. Consequently, Plaintiff's claim for negligent infliction of emotional distress is deficient on its face and should be dismissed.

### 5. Negligent Hiring, Retention, and Supervision

The Court should also dismiss Plaintiff's negligence claims. She states that "all prior assertions in this Complaint" are the proximate cause of her alleged injuries under these theories. Compl. ¶ 6.7. Where Plaintiff "rel[ies] on the same facts to support both [her] discrimination claim and [her] negligent supervision or retention claim" such claims are "duplicative" and should be dismissed. *Francom*, 98 Wn. App. at 866; *see also Young v. Port of Tacoma*, 2005 WL 2138552, at *5 (W.D. Wash. Aug. 31, 2005). Here, Plaintiff's duplicative negligent hiring, supervision, and retention claims should be dismissed.

### 6. Assault and Battery

Plaintiff fails to state a claim for either assault or battery. "Battery is an intentional tort; the tortfeasor must intend an offensive touching, and the plaintiff must show there was no consent to the touching." *Bundrick v. Stewart*, 128 Wn. App. 11, 18 (2005). Plaintiff in this case fails to assert *any* of the elements of battery. Most obviously, her Complaint does not assert that Mr. Morrison ever touched her. Her battery claim should thus be dismissed.

DEFENDANT BOEING'S MOTION TO
DISMISS – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff also fails to plead a cognizable assault claim. The "gist" of a claim of assault is "'the victim's apprehension of imminent physical violence caused by the perpetrator's action or threat.'" *Brower v. Ackerley*, 88 Wn. App. 87, 92-94 (1997) (quoting *St. Michelle v. Robinson*, 52 Wn. App. 309, 313 (1988)). A plaintiff must show that the defendant acted intending to cause a harmful or offensive contact with the plaintiff's person or an "'imminent apprehension of such a contact'" and that the plaintiff was, in fact, "'put in such imminent apprehension.'" *Id.* at 1144-45 (quoting Restatement (Second) of Torts § 21 (1966)). A defendant must threaten "imminent harm." *Id.* at 1145.

Again, Plaintiff fails to assert any of the elements of assault in her Complaint. Her assault claim should be dismissed.

### 7.    Intentional Infliction of Emotional Distress

To establish intentional infliction of emotional distress or "outrage," a plaintiff must prove defendant acted in a manner "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Birklid v. Boeing Co.*, 127 Wn.2d 853 (1995) (quoting *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975)). The elements of the claim are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Id.* at 867.

Here, Plaintiff's claim is deficient because she neither alleges that Boeing engaged in "extreme and outrageous conduct" nor that it did so intentionally or recklessly. To the extent Plaintiff seeks to hold Boeing vicariously liable for the acts of Mr. Morrison, her claim is deficient on its face because Mr. Morrison's alleged acts fell outside the scope of his employment and were instead taken for his own "personal objective[s]" – not those of Boeing. *See Niece v. Elmview Group Home*, 131 Wn.2d 39, 48 (1997).

DEFENDANT BOEING'S MOTION TO
DISMISS – 11

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

In any event, Plaintiff has not asserted Mr. Morrison engaged in conduct that went "beyond all possible bounds of decency." In *Strong v. Terrell*, the Court of Appeals affirmed dismissal of an outrage claim where the plaintiff alleged she was subjected to more than two years of verbal abuse by her supervisor, including screaming, ridicule of her personal life, and "blonde jokes." 147 Wn. App. 376, 381, 386 (2008); *see also Womack v. Van Rardon*, 133 Wn. App. 254, 257 (2006) (dismissing outrage claim where defendant engaged in "deplorable" conduct by setting plaintiff's cat on fire). Indeed, many courts have rejected outrage claims premised on assertions similar to—though more egregious—than those presented here. *See, e.g., Swanson v. N.W. Human Servs., Inc.*, 2006 WL 3354145, at *6 (E.D. Pa. Nov. 30, 2006) ("grabbing of Plaintiff's buttocks on one occasion and requests for dates, while unacceptable, does not rise to the level of outrageousness for an IIED claim"); *Galloway v. GA Tech. Auth.*, 182 Fed. Appx. 877, 883 (11th Cir. 2006) (same, where plaintiff was shown a pornographic photograph by supervisors); *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269-70 (N.D. Ohio 1993) (same, where claim was premised on plaintiffs' exposure to "pin-ups of scantily clad celebrities in common areas" and her "receipt of pornographic, explicit photographs and sex toys in her locker").

Plaintiff's outrage claim should be dismissed.

## VI.    CONCLUSION

Plaintiff's claims against Boeing rest solely on the allegation that Mr. Morrison sent her a single, inappropriate picture on a Saturday, and thereafter was rude to her during a single week. From this single event, Plaintiff compiles a hodgepodge of claims, none of which states a claim. Boeing respectfully requests that the Court dismiss Plaintiff's claims pursuant to CR 12(b)(6).

DEFENDANT BOEING'S MOTION TO
DISMISS – 12

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2   DATED:  June 30, 2011
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

By:  s/ Valerie L. Hughes, WSBA No. 11859

Valerie L. Hughes, WSBA No. 11859
VHughes@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
THE BOEING COMPANY

DEFENDANT BOEING'S MOTION TO
DISMISS – 13

03002-1574/LEGAL21144846.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that, on June 30, 2011, he caused to be served on the person(s) listed below in the manner shown:

DEFENDANT BOEING'S MOTION TO DISMISS

Mr. Thaddeus P. Martin
Thaddeus P. Martin & Associates
4928 109th Street SW
Lakewood, WA 98499
*Attorneys for Plaintiff*

☒     Hand Delivery

☐     By Messenger

☐     By Facsimile

☒     By eFiling

Dated at Seattle, Washington, June 30, 2011.

_____
Alice Wells
Legal Secretary

CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**FILED**

KING COUNTY, WASHINGTON

**JUL 15 2011**

SUPERIOR COURT CLERK
**DAVID WITTEN**
**DEPUTY**

RECEIVED
JUDGES MAIL ROOM

2011 JUL 13  PM 3: 03

KING COUNTY
SUPERIOR COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

THE HONORABLE THERESA DOYLE

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

TRACY SEARS, individually,

        Plaintiff,

    v.

THE BOEING COMPANY, an Illinois
Corporation licensed to do business in the
State of Washington; and JAMES
MORRISON, individually and together
with "JANE DOE" MORRISON and the
marital community composed thereof,

        Defendants.

No. 11-2-15005-4 SEA

[PROPOSED] STIPULATED PROTECTIVE
ORDER

**STIPULATION**

    Plaintiff Tracy Sears, by and through her undersigned counsel, and Defendant The
Boeing Company, by and through its undersigned counsel, hereby agree to the entry of the
Protective Order below.

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 1

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# ORIGINAL

DATED: July 13, 2011

LAW OFFICES OF THADDEUS P.
MARTIN

By:

    Thaddeus P. Martin, WSBA No. 28175
    tmartin@thadlaw.com

Attorneys for Plaintiff
Tracy Sears

PERKINS COIE LLP

By

Valerie L. Hughes, WSBA No. 11859
VHughes@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com

Attorneys for Defendant
The Boeing Company

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 2

LEGAL19118208.1

## ORDER

Pursuant to CR 26(c) and the stipulation of the parties, the Court hereby enters the following Protective Order.

**A.    Scope of Protective Order**

1.    This Protective Order shall govern the use and disclosure of certain sensitive and confidential information designated in good faith by a party to this litigation as being "Confidential" as set forth below, and which is contained in (a) any documents, written discovery responses, or tangible evidence produced in this litigation by means of discovery and (b) any transcripts of depositions taken in this action. This Protective Order establishes a procedure for the expeditious handling of such Confidential information; it shall not be construed as an agreement or as creating any presumption of the confidentiality of any document.

2.    The attorneys of record, and all others to whom any such designated Confidential information and material is disclosed, shall maintain such designated Confidential information or material in strict confidence, shall not disclose such designated Confidential information or material except in accordance with this Protective Order, and shall use such designated Confidential information and material solely for this litigation. All produced Confidential information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential information and material shall be permitted only to persons properly having access thereto under the terms of this Protective Order.

**B.    Confidential Matter**

3.    Any party claiming that documents, written discovery responses, deposition testimony, or tangible evidence constitute or include Confidential information or material

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 3

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential." Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 5 of this section.

4.      By designating materials as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive and confidential financial, personal or medical information, trade secrets, or otherwise describe, contain or disclose internal company information, including commercial or financial information, that is held confidential within the company.

5.      If depositions are conducted which involve Confidential information, each party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Confidential. Prior to the expiration of the ten (10) day period, the entire deposition transcript shall be treated as Confidential information.

6.      Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

      6.1      Authors, originators, or original recipients of the Confidential information or material.

      6.2      The parties to this action.

      6.3      Employees, officers and directors of a party to this action, to the extent that such employees, officers and directors have a need to know the Confidential information for the conduct of this litigation.

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL19118208.1

6.4    The attorneys of record in this litigation and employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter,

6.5    The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings.

6.6    Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions and hearings.

6.7    Non-party witnesses in a deposition, but only if consent is obtained from opposing counsel or the party proposing to disclose the material first provides the material to opposing counsel prior to providing Confidential information to the witness at the deposition.  When Confidential information is shown to a non-party witness in a deposition, the deponent and the deponent's counsel, if any, shall be provided a copy of this Protective Order and shall acknowledge on the record that he or she has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing the intent to be bound by its terms.

6.8    Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 6.4, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

presented in Exhibit A hereto) evidencing his/her intent to be bound by its terms, including his/her agreement not to divulge any Confidential information or material to any other person, his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to return to the disclosing attorney with twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain any Confidential information, or material disclosed to such expert.

7.     Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.

**C.     Use in Briefs, Exhibits, Testimony, and Other Documents**

8.     Any party including any Confidential information or material with any pleading, motion, deposition transcript, or other paper filed with the Court shall, by separate motion or stipulation, noted for hearing without oral argument and filed pursuant to LCR 7 and LGR 15(c)(3), seek an order from the Court permitting the Confidential information or material to be filed under seal.

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 6

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9.     The burden is on the party that has designated the Confidential information or material to provide the needed information so that the Court can determine whether all, a portion, or none of the document may be filed under seal.  A proposed order granting the motion to seal, with specific proposed findings setting forth the basis for sealing the Confidential information or material must also be filed by the party that has designated the Confidential information or material.

**D.     Confidentiality Challenge**

10.     If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party ten (10) calendar days in which to consider the challenge.  The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential information or material.  If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c), or the designation shall be deemed abandoned.

**E.     No Waiver of Privilege**

11.     To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document").  Inadvertent production of a Privileged Document shall not be deemed a waiver of any applicable privilege.  Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document.  If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

return the Privileged Document and all copies of the Privileged Document to the party

asserting the privilege, and the party asserting the privilege will promptly produce or

supplement a privilege log to include the Privileged Document. The parties reserve the right

to contest any determination that a document is privileged or is otherwise protected from

disclosure.

**F.    Termination**

12.    After the termination of this action, this Order shall continue to be binding

upon the parties hereto, and upon all persons to whom Confidential information or materials

have been disclosed or communicated.

**G.    Return of Documents**

13.    No later than sixty (60) days following the "conclusion of these proceedings"

as defined herein, counsel shall return all documents and materials designated as

Confidential to counsel for the other party, together with all abstracts, copies, and other

documents containing any information contained within the documents (except that counsel

for each party may maintain in its files copies of each document filed with the Court and

copies of each deposition taken). Alternatively, the parties may agree upon appropriate

methods of destruction. "Conclusion of these proceedings" refers to the conclusion of this

matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals,

or the running of time for taking such appeals, as provided by applicable law.

14.    This Order does not preclude a party from retaining custody of its own

Confidential information or material at the "conclusion of these proceedings" as defined in

paragraph 13 when not commingled with confidential information of other persons or

parties.

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 8

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

**H.    Modification**

15.    This Order may be modified in the event that the parties agree in writing to a modification of the provisions and such modification is approved by this Court.

**I.    Remedies**

16.    The parties expressly acknowledge and agree that all remedies under CR 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

**J.    Retention of Jurisdiction**

17.    The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action and after this action is terminated. for the purpose of enforcing this Order.

*Any motion to seal or redact must comply with GR 15.*

Dated this _14_ day of _July_, 2011.

_____
HONORABLE THERESA DOYLE
KING COUNTY SUPERIOR COURT JUDGE

Presented by:

_____
Valerie L. Hughes, WSBA No. 11859
VHughes@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant The Boeing Company

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 9

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the matter of *Tracy Sears v. The Boeing Company*, et al., in King County Superior Court, No. 11-2-15005-4.  I have read and agree to be bound by all of the provisions of the Stipulated Protective Order.  I agree (a) not to divulge any Confidential information or materials to any other person; and (b) not to use any Confidential information or materials for any purpose other than this litigation.  In addition, I consent to the jurisdiction and contempt power of King County Superior Court with respect to the enforcement of the Stipulated Protective Order.

DATED: _____, 2011

_____
Signature

_____
Print Name

[PROPOSED] STIPULATED PROTECTIVE
ORDER – 10

LEGAL19118208.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

FILED

11 AUG 08 PM 4:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

1

2

3

4

5

6

7

8

9

10

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

11  TRACY SEARS, Individually;

12                                              NO. 11-2-15005-4 SEA

13          Plaintiff,                          PLAINTIFF'S RESPONSE TO
                                                DEFENDANT BOEING'S MOTION TO
14  v.                                          DISMISS PURSUANT TO RULE 12(b)(6)

15  THE BOEING COMPANY, as Illinois
    Corporation licensed to do business in the State
16  of Washington; and, JAMES MORRISON,
    individually and together with "JANE DOE"
17  MORRISON and the marital community
    composed thereof;
18

19          Defendant.

20

21                      I.      INTRODUCTION

22          Plaintiff opposes the Defendant Boeing Company's ("Boeing") motion to dismiss

23  pursuant to CR 12(b)(6) asserting that Plaintiff fails, in her pleading, to state a claim upon

24  which relief may be granted.   These kinds of motions are disfavored at law and the rules

25

26  Response to Motion to Dismiss
       1 of 8

governing pleadings are such that the merits of cases should be reached unless the complaint clearly does not state a short statement of the facts and law supporting the claims. All that is required under law is that Plaintiff set forth and "short and plain" statement of the claim(s) showing the pleader is entitled to relief. It is understandable that Mr. Morrison and Boeing would want to see this case go away as soon as possible but that will not be accomplished by virtue of a stretched reading of the rules of court. CR 12(b)(6). Plaintiff has pled the facts involved and it is clear that the conduct, if proven to be true, would support the claims, as alleged. Id. Additionally, the Court is required to "presume all facts alleged in the plaintiff's complaint to be true." See Jain v. J.P. Morgan Securities, Inc., 142 Wn. App. 574, 580 (2008). It would be a better use of this Court's time and resources for Boeing to respond to the merits of the claims Plaintiff has made. Plaintiff respectfully requests that the Court deny Boeing's motion.

Should the Court be inclined to grant Defendant's motion, plaintiff respectfully requests that she be granted leave to amend the complaint. Additionally, and/or in the alternative, Plaintiff requests that the Court provide Plaintiff with sufficient time to conduct further investigation into the facts surrounding this case and the claims involved. Any dismissal should be without prejudice so that any defects found in the pleadings may be cured, as justice requires.

## II.   STATEMENT OF RELEVANT FACTS

This matter was filed on April 26, 2011. Boeing was served with the summons and complaint on June 10, 2011. Boeing has not filed an answer. On June 30, 2011 Boeing filed this motion to dismiss pursuant to CR 12(b)(6).

Response to Motion to Dismiss
2 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

This case arises out of sexually explicit and inappropriate behavior by a male Boeing manager to a subordinate female employee.  The Boeing manager, also named as a Defendant, James Morrison, made sexual jokes to Plaintiff for months prior to sending a photograph of his erect penis to her.  He joked about "pulling her hair" and made other inappropriate "joking" comments to her regularly, including the ubiquitous sexual insinuation/joke, "that's what she said" in response to certain statements Plaintiff made.  For example, if Plaintiff said something to the effect of: "let me grab the tool."  Morrison might respond: "that's what she said."  He often made this comment, obviously implying sexual innuendo at every turn.  Then, on a weekend, he texted Plaintiff, asking her to "send some pictures."  In an effort to get rid of Morrison's overtures, Plaintiff did not send pictures to Morrison.  He sent Plaintiff a text message of his erect penis.  The text message sent of his penis is attached as Exhibit A hereto. The picture he sent is attached so that the Court may see just how severe, egregious and shocking this behavior was.  Approximately one week later, Morrison began yelling at Plaintiff, cursing at her, being generally rude and threatened to have her fired and/or have a Corrective Action Memo placed in her personnel file and started to retaliate against her.  He did this, obviously, because she would not engage in his offensive and inappropriate sexual demands.

Boeing suggests that this was a one-time, isolated event and that, evidently, no matter the degree to which the action was shocking and extreme, the case should be dismissed.  The facts involved in this case with Plaintiff go well beyond one isolated, yet extremely shocking and severe, instance to include sexual innuendo, jokes and threats of reprimand and/or termination when Plaintiff did not go along with Defendants' crude sexual overtures.  And, on

Response to Motion to Dismiss

3 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

information and belief, Mr. Morrison has had 2-3 other claims made against him prior to Plaintiff for sexual harassment and inappropriate comments and actions directed toward his female subordinates.   Through the discovery process, Plaintiff will gather the evidence proving her case and learn of the depths of Mr. Morrison's depravity and, more importantly, Boeing Company's knowledge and ratification of it.

Defendants are mistaken in their recitation of the law and facts involved in this case. The merits of this case should be allowed to be weighed by a trier of fact so that justice prevails.  By Boeing's flawed reasoning, an act as extreme as rape would also be a claim ripe for dismissal as it would constitute just one, isolated event.  Boeing argues, essentially, that no matter how severe or shocking an event may be, it should not allow a claim for harassment to move forward.  The law is clear that if a single incident is severe enough, it can and will suffice to constitute a hostile work environment and sexual harassment.  Glasgow v. Georgia-Pac. Corp., 103 Wn.2d 401, 406 (1985); Brooks v. City of San Mateo, 229 F.3d 917, 926 (9th Cir. 2000).  If what Mr. Morrison did does not reach the level of "severe enough" I have no idea what could in Defendant's eyes.  Surely, though, the weighing of the degree of severity of Morrison's actions is something suited to the trier of fact.  The facts and law have been appropriately pled here.

### III.   STATEMENT OF ISSUE

Should Boeing's motion to dismiss be denied when the Plaintiff has pled a pattern of sexually harassing behavior toward her by a manager through sexual jokes, rude comments and then by extremely lewd and disgusting behavior involving his sending Plaintiff a picture

Response to Motion to Dismiss
4 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

of his erect penis, then retaliated against Plaintiff when she refused to reciprocate or engage in his inappropriate requests.?

IV.    EVIDENCE RELIED UPON

This response is based upon the statements made in the Complaint filed in this case, CR 12(b)(6), the picture of Defendant Morrison's penis he sent to Plaintiff, attached as Exhibit A hereto and upon the law interpreting CR 12(b)(6).

V. AUTHORITY AND ARGUMENT

**A.    Motions to dismiss pursuant to CR 12(b)(6) are disfavored under law.**

Motions to dismiss pursuant to 12(b) are disfavored in the courts.  Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957).  "[T]he primary objective of the law is to obtain a determination of the merits of any claim; and […] a case should be tried on the proofs rather than the pleadings."  Id.

"[I]n dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  Blue Nile, Inc. v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1250 Fn. 9 (W.D. WA 2007) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995)); See also Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ("…[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted."; Sarter v. Mays, 491 F.2d 675, 676 (5th Cir. 1974) ("…[I]f the information set forth in the complaint does not adequately apprise the defendant of the nature

Response to Motion to Dismiss
5 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint.")

**B.     A single isolated event, if severe enough, will suffice to support a claim.**

An isolated event, if severe enough, will suffice to support a claim for discrimination and harassment based on sex and for hostile work environment.  Glasgow v. Georgia-Pac. Corp., 103 Wn.2d 401, 406 (1985); Brooks v. City of San Mateo, 229 F.3d 917, 926 (9th Cir. 2000).  The facts involved in this case go well beyond one isolated, yet extremely shocking and severe, instance to include sexual innuendo, jokes and threats of reprimand and/or termination when Plaintiff did not go along with Defendants' crude sexual overtures.  This qualifies as a constructive demotion – an adverse employment action recognized in several districts.  See, e.g., Simpson v. Borg-Warner Automotive, Inc., 196 F.3d 873, 876 (7th Cir. 1999); Sharp v. City of Houston, 164 F.3d 923, 933-34 (5th Cir. 1999); Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609, 614 (5th Cir. 1996).  Additionally, it implies that a quid pro quo was taking place, specifically, Morrison threatened to adversely affect Plaintiff's employment if she did not reciprocate and succumb to his sexual advances.  His actions in this regard were imputed to his employer, the Boeing Company as Morrison was her manager and supervisor.  And his conduct in sending a picture of his penis to his underling rises to the level of "severe," extremely inappropriate and shocking.   There is no doubt that a jury will conclude that this single act was extremely shocking and will hold Boeing and Mr. Morrison liable for the harassment and for the hostile environment Plaintiff was subjected to under Morrison.  And, as set forth below, there involves far more inappropriate conduct on the part of Morrison than just one inappropriate instance.  Boeing suggests they reacted swiftly after

Response to Motion to Dismiss
6 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

learning of Morrison's transgressions.  The truth is that he had done this to other women subordinates.  This time, the female did not just "lump it" but complained and is now suing. The discovery process with flesh out the facts of what Boeing knew and when about Morrison's actions as well as the full extent of his illegal conduct directed at Plaintiff.

Should the Court feel that additional factual allegations are necessary, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend to provide additional facts in support of Plaintiff's discrimination claims.

**C.**      **Plaintiff pled a pattern of behavior, not merely one isolated incident.**

Plaintiff has alleged that Morrison made inappropriate sexual jokes, demanded lewd pictures from Plaintiff and then threatened to terminate Plaintiff when she refused to reciprocate.  The way plaintiff was treated is described in the preceding paragraphs.  While Plaintiff believes that these allegations are sufficient and will be fleshed out further during discovery1, should the Court find them insufficient, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend and a sufficient time to do so, so that Plaintiff can further investigate the facts surrounding this case.

With respect to Plaintiff's retaliation cause of action, Plaintiff alleged that when she rebuffed Morrison's advances, he, in turn, got upset and threatened to see to it that she was reprimanded.  She was being singled out because she was female and Morrison was sexually interested in her, plain and simple.  She was then retaliated against when she did not comply with her manager's advances.  The pleadings make all of this abundantly clear, if not totally clear.  Discovery is the process by which litigants attain full facts and determine the specifics of the strength or weakness of individual claims.  This is not the time to challenge the merits,

Response to Motion to Dismiss

7 of 8

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

just the pleadings.  And the pleadings are clear as to what is being alleged and under what theories the claims are being brought.

If there is any deficit in the pleadings, Plaintiff should be allowed to re-word the complaint in the ways the Court may deem appropriate.  The parties should move on in this case in order to reach the merits.  While Plaintiff did not go into a lot of detail regarding the timing of the events supporting her claims against Boeing and the extent of the harassment suffered, Plaintiff believes that the facts, as alleged, should be sufficient to support her main claims for discrimination, hostile work environment and retaliation.  Should the Court find that additional allegations are required, or different wording, the essential nature of the facts and claims made are evident and meet the requirements of CR 12(b)(6).  If the Court finds otherwise, Plaintiff respectfully requests that she be granted leave to amend, as required.

VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny defendant Boeing's motion to dismiss.  Should the Court be inclined to grant Defendant's motion, Plaintiff respectfully requests that any dismissal be without prejudice, with leave to amend the complaint, and Plaintiff respectfully requests that the Court provide Plaintiff with sufficient time to conduct further investigation into the facts surrounding her claims against Boeing.

Dated this 8th day of August, 2011.


THADDEUS P. MARTIN AND ASSOCIATES

By_____
Thaddeus P. Martin, WSBA 28175
Attorneys for Plaintiff

Response to Motion to Dismiss
8 of 8


THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

**FILED**

11 OCT 05 PM 1:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA



**RE:**  Sears, Tracy vs. The Boeing Company                    **October 5, 2011**
King County; 11-2-15005-4 SEA
Tracey Sears; Taken Friday, September 23, 2011

### NOTICE TO READ AND MAKE CORRECTIONS
### TO:  Tracey Sears

The above-referenced transcript is ready for reading and signing. In lieu of coming to our office, you may arrange to read your deposition online.  After 30 days from the date of this notice, your signature will be deemed waived.

1.   Email production@yomreporting.com or call 206.622.6875 to make an appointment to read your transcript at our office or online.
2.   If you choose to read online, we will send you a confirming email with a secure link to your read-only transcript and a Correction & Signature page to print, sign and date.
3.   After reading the transcript, send the signed and dated Correction & Signature page back to YOM Reporting & Video, Production Department, 1200 Fifth Avenue, Suite 1820, Seattle, WA  98101.

### NOTICE OF SERVICE OF ORIGINAL TRANSCRIPT
### WITHOUT SIGNATURE UPON:  Valerie Hughes

When and if we receive a *Correction & Signature Page*, it will be date-stamped by our office and forwarded to counsel holding the sealed original transcript with instructions to attach the sealed corrections thereto.  Copies of the *Correction & Signature Page* will be served upon all counsel of record by email unless paper delivery has been requested.

cc:    Valerie Hughes
Ben Stafford
Jason H. Schauer
Tracey Sears

FILED

11 OCT 06 PM 12:02

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-15005-4 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

TRACY SEARS, Individually;

        Plaintiff,

v.

THE BOEING COMPANY, as Illinois
Corporation licensed to do business in the State
of Washington; and, JAMES MORRISON,
individually and together with "JANE DOE"
MORRISON and the marital community
composed thereof;

        Defendant.

NO. 11-2-15005-4 SEA

CONFIRMATION OF JOINDER TO
PARTIES

I.
    [X]   **The parties make the following joint representations:**
        1.   This case is **NOT** subject to mandatory arbitration.
            [If it is, this report should not be filed; instead, no later than the deadline for filing
            this report, a statement of arbitrability should be filed, pursuant to LMAR 2.1(a).]
        2.   No additional parties will be joined.
        3.   All parties have been served or have waived service.
        4.   All mandatory pleadings have been filed.
        5.   No additional claims or defenses will be raised.
        6.   The parties anticipate no problems in meeting the deadlines for disclosing possible
            witnesses and other subsequent deadlines in the Case Schedule.
        7.   All parties have cooperated in completing this report.
II.   [ ]   **The parties do not join in making the foregoing representations, as explained**
         **below (if appropriate, check both the box at left and every applicable box below).**

Confirmation of Joinder- 1 of 2

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420

[ ]  This case IS subject to mandatory arbitration, but not ready yet for the Statement of Arbitrability to be filed.
[ ]  An additional party will be joined.
[ ]  A party remains to be served.
[ ]  A mandatory pleading remains to be filed.
[ ]  An additional claim or defense will be raised.
[ ]  One or more parties anticipate a problem in meeting the deadlines for disclosing possible witnesses or other subsequent deadlines in the Case Schedule.
[ ]  A party has refused to cooperate in drafting this report.
[ ]  Other explanation:

_____

_____

_____

Dated this ___5___ day of October, 2011.


By:

THADDEUS P. MARTIN & ASSOCIATES



_____
Thaddeus P. Martin WSBA No. 28175
Jason H. Schauer WSBA No. 30344
Attorneys for Plaintiff


PERKINS COIE



_____
Valerie Hughes WSBA No. 11859
Ben Stafford WSBA No. 39849
Attorney for Defendant Boeing


Confirmation of Joinder- 2 of 2

THADDEUS MARTIN &
ASSOCIATES
4928 109th Street SW
Lakewood, Washington 98499
(253) 682-3420