THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACEY SEARS, <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, *et al*., <br><br> Defendants. | CASE NO. C11-1998-JCC <br><br> ORDER |

This matter comes before the Court on the motion for summary judgment of Defendant The Boeing Company ("Boeing") (Dkt. No. 13).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. BACKGROUND

Plaintiff, Tracey Sears, is a current Boeing employee who asserts a hostile work environment claim under Washington law based on her interactions with James Morrison, a former Boeing employee. During the period relevant to this lawsuit, Plaintiff worked as a mechanic on wing assembly for Boeing's 737 aircraft in the "leading edge" shop. Mr. Morrison also worked in the leading edge shop, as a line supervisor.

---

[1] Plaintiff never served the other Defendants in this case.

ORDER
PAGE - 1

The principal basis for Plaintiff's claim is an exchange of text messages between Plaintiff and Mr. Morrison on a Saturday morning in early December 2010 when neither was at work. In this exchange, Mr. Morrison asked Plaintiff to send him some pictures, and when Plaintiff responded "You first," Mr. Morrison sent her a picture of his erect penis. Plaintiff did not respond to this message and alleges that subsequently Mr. Morrison acted in a rude and threatening way at work. Plaintiff also alleges that Mr. Morrison made lewd and insinuating remarks to her on several occasions in the workplace.

On or around January 24, 2011, about six weeks after receiving the texted photo, Plaintiff reported Mr. Morrison's alleged behavior to a Boeing Ethics employee. She was immediately referred to Boeing's Equal Employment Opportunity office, and an investigator was assigned to the case. (Sears Dep. (Dkt. No. 14-1 at 41.) On January 26, 2011, Plaintiff met with the investigator and described her concerns about Mr. Morrison. (*Id*. at 57.) That same day, Boeing suspended Mr. Morrison and escorted him off Boeing premises. (First Slichko Decl. (Dkt. No. 15 at 2.) Mr. Morrison remained on suspension until Boeing concluded its investigation into Plaintiff's allegations. (*Id*.) At the end of the investigation, in early March 2011, Boeing concluded that Mr. Morrison had violated the company's Workplace and Sexual Harassment Policy and terminated his employment. (*Id*.)

A few months later, on April 26, 2011, Plaintiff filed this lawsuit in King County Superior Court, alleging various violations of the Washington Law Against Discrimination as well as common law negligence and intentional tort claims. Boeing filed a motion to dismiss, and all of Plaintiff's claims except for the hostile work environment claim were dismissed. On December 2, 2011, Boeing removed the matter to this Court. Boeing now moves for summary judgment.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bear[s] the initial burden of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, it is entitled to summary judgment if the nonmoving party fails to designate "by affidavits, depositions, answers to interrogatories, or admissions on file, specific facts showing that there is a genuine issue for trial." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). Failure of proof as to any essential element of the non-moving party's case means that no genuine issue of material fact can exist. *Celotex*, 477 U.S. at 322–323.

To establish a hostile work environment sexual harassment claim, a plaintiff must prove the existence of the following four elements:

(1) The conduct was unwelcome, offensive, and unsolicited by the plaintiff;

(2) The conduct would not have occurred had the employee been of the opposite sex;

(3) The conduct was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and

(4) The conduct may be imputed to the employer.

*Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 712 (Wash. 1985).

**B.     Analysis**

The Court finds that summary judgment should be granted in favor of Boeing because Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Mr. Morrison's alleged conduct is imputable to Boeing. In order to establish employer liability for alleged harassment, a plaintiff must show either (1) that "an owner, manager, partner or corporate officer personally participate[d] in the harassment" or (2) that "the employer (a) authorized, knew, or should have known of the harassment and (b) failed to take reasonably prompt and adequate corrective action." *Glasgow*, 693 P.2d at 712. Here, Plaintiff has failed to make either showing.

First, with respect to the first prong of the above-cited employer liability standard,

Plaintiff has not shown that Mr. Morrison's alleged conduct should be attributed to Boeing because of his status as a Boeing manager. Courts do not apply automatic employer liability just because an impugned employee has the term "manager" in their job title or is referred to as a "manager" in the workplace. *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1187 (Wash. App. Div. 2000) (explaining that the analysis of whether someone is a "manager" for the purpose of the employer liability standard in workplace harassment cases depends on the functions and responsibilities of the person at issue, not merely their job title). Here, the record indicates that Mr. Morrison had, at most, a low-level managerial role at Boeing.[2] A survey of the relevant case law demonstrates that an individual in this type of role does not, as a matter of law, fall into "the class of persons so closely connected to the corporate management that their actions automatically may be imputed to the employer." (*Id.*)

In *Francom v. Costco Wholesale Corp.*, for example, the court found that a mid-level manager at one of Costco's 200 warehouses who supervised and hired other employees was not a "manager" for the purpose of establishing automatic employer liability. The court explained that the individual did not occupy a position sufficiently high in the organization's hierarchy such that he could be considered to be acting as Costco's "alter ego," thereby justifying the imposition of automatic liability. *Francom*, 991 P.2d at 1188. Similarly, in *Washington v. Boeing Co.*, the court rejected plaintiff's claim that the conduct of flight line managers should be automatically imputed to Boeing because of those individuals' status as managers. The court found that flight line managers "do not occupy sufficiently high level positions within Boeing to be considered its alter ego." 19 P.3d 1041, 1047 (Wash App. Div. 2000). Here, as in *Francom* and *Washington*, the Court finds that the employee alleged to have participated in workplace harassment – Mr.

---

[2] According to a declaration submitted by Boeing, which Plaintiff does not contest, Mr. Morrison was employed as a first line supervisor at Boeing. (Second Slichko Decl. (Dkt. No. 20 at 1).) First line supervisors are the lowest level of supervisor at Boeing, and Boeing employs over 4,000 first line supervisors in the State of Washington alone. (*Id.*)

ORDER
PAGE - 4

Morrison – did not occupy a sufficiently high level position within Boeing so as to be considered its alter ego. Accordingly, Plaintiff is wrong that automatic employer liability should be imposed because of Mr. Morrison's status as a manager.

Second, with respect to the second prong of the employer liability standard, Plaintiff has not cast any doubt on the notion that Boeing took reasonably prompt and adequate corrective action in this situation. Indeed, the undisputed facts indicate that Boeing took appropriate action; it commenced an investigation right after learning of Plaintiff's allegations, suspended Mr. Morrison while it investigated, and fired him at the conclusion of its investigation.

In sum, the Court finds that Plaintiff has failed to make a sufficient showing that Mr. Morrison's alleged conduct is attributable to Boeing. As this is a necessary element of Plaintiff's prima facie case, summary judgment in favor of Boeing is appropriate. *See Celotex*, 477 U.S. at 322–323.

### III. CONCLUSION

For the foregoing reasons, Boeing's motion for summary judgment (Dkt. No. 13) is GRANTED. Boeing's motion to strike (Dkt. No. 19) is DENIED AS MOOT.

DATED this 12th day of April 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE